Mr. Justice Richardson
delivered the opinion of the court.
The facts of this case are plain. In 18*3, W. Morris obtained a judgment against A. G. Willis, for 287 dollars, and interest; re- *245 ceíved a partial payment of 110 dollars ; and issued execution for the amount of his judgment.
A levy was afterwards made upon the goods of Willis, under a junior judgment of Wm, Howland, No return of the execution of Morris has been made ; and no account of the sales, or proceeds of the goods, so levied.
Upon these facts, A. G, Willis, sued the administrator of W. Morris, and has obtained a verdict for 110 dollars.
The question made by the appeal, is, can such a verdict be justified ?
There is no evidence that Morris, or his representative, ever received more than the partial payment of 110 dollars. But it is urged, that, inasmuch as, under legal presumption, the judgment of Morris is supposed to be satisfied, by virtue of the levy upon the goods of Willis ; therefore, the 110 dollars ought to go back to Willis ; especially, as he did not credit his execution, with the payment made ; but appears to have issued it for the original amount of the verdict.
There is no question upon the position of law, taken for the plaintiff. And if the administrator of Morris had sought to revive the judgment against Willis, the plea that there was a subsisting levy of goods, yet unaccounted for, must have prevented his second judgment.
U ntil the goods taken by the sheriff, in satisfaction of the judgment, are accounted for, we must presume the judgment satisfied; at least it cannot be revived. Because the payment in goods to the sheriff, is the same as payment to the plaintiff himself; and the levy should be presumed sufficient; unless the contrary appears.
But it does not follow, from this reasonable presumption, that Morris received more money than was due on his judgment: i. e. that he received, not only, the balance of 177 dollars, and interest, due him ; but also, received again, the 110 dollars, paid by Willis.
To go so far. would be to presume a fraud, or a mistake in Morris, without evidence of either ; that is, first, that there was a balance from the proceeds of the goods, which ought to return to Willis ; and secondly, that Morris received it,
Such a strained conclusion, from the facts, I should think, quite enough, to set aside the verdict. Butin the particular case, there is plain negative evidence, that ought to rebut, even the suspicion, that-Morris received any balance due to Willis.
If there was any balance remaining, it was due to Howland, the next judgment creditor of Willis. And according to the sheriff’s *246 letter, introduced b3r Willis, there was little probability of there ve* mainingany balance, even for Howland.
Dunkin & Bubwsteii, for motion.
Eckhard, contra.
Filed 14th February, 1837.
What is the burthen, of the plaintiff’s case ? It is to prove, that Morris received, not only, satisfaction in full, but also 110 dollars, out of Willis’ money, a second time. But if the rule of presuming satisfaction, by reason of a levy, which is unaccounted for, could ■be extended so far as to justify such a conclusion, it would follow, that not only both Howland’s and Morris’ judgments-are satisfied, under the presumption of law ; but that all the partial payments, which Willis may have made, must be returned to him; unless the judgment creditors, prove negatively, that they have not received such payments, a second time.
Verdicts upon mere facts, are seldom set aside ; but when they would establish such “ non sequitors,” the opposite party have have some claims for an appeal to another jury. A new trial is, therefore, ordered.
J. S. RICHARDSON.
We concur,
JOHN B. O’NEALL,
A. P. BUTLER.
JOSIAH J. EVANS,